# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES McROY, #M12956, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02163-NJR |
| | ) |
| JACQUELINE LASHBROOK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James McRoy, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, recently filed a Motion for Emergency Preliminary Injunction. For the reasons stated below, the motion is denied without prejudice.

Plaintiff claims he is being denied adequate access to the law library and his legal papers. He asks this Court to compel authorities to give him access to the law library twice a week and access to his six excess legal boxes once a week while his appeal is pending in *James E. McRoy v. City of Chicago*. To obtain interim relief, whether through a temporary restraining order or a preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (*citing Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, a court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.* (citations omitted).

Plaintiff does not allege that he has no access to the law library and his excess legal boxes. Instead, he alleges that he requires more reasonable access based on his interpretation as to what

1

is reasonable. According to the documents filed with the motion, Plaintiff was given access to the law library from March 19 to April 12 for an appellate brief due on April 12. (Doc. 14, p. 23). The access was to resume after the appellee's brief was filed—until May 31—when his reply brief would be due. *Id*. Following an extension on his appellate brief, he was given weekly access to the law library from April 16 to June 1, the new deadline for his appellate brief. (Doc. 14, pp. 26-27).

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prison system is not required, however, to provide unlimited access to a law library, even for *pro se* litigants. *Martin v. Davies*, 917 F.2d 226, 240 (7th Cir. 1990). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* Plaintiff does not show any missed deadlines in his pending cases. He does not allege an actual or potential limitation on his access to the courts. He currently has access to the law library and excess legal boxes until June 1, when his appellate brief is due.

The Court also notes that "federal courts are most reluctant to interfere with the internal administration of state prisons because they are less qualified to do so than prison authorities." *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir.1997) (citations omitted). An inmate's use of law library facilities requires the expenditure of staff time and other resources. Thus, as long as Plaintiff receives a constitutional level of access, prison authorities are entitled to make the necessary

decisions about allocation of prison resources without interference by this Court. Here, Plaintiff's allegations do not suggest that he is presently being denied a constitutional level of access to legal materials.

Accordingly, Plaintiff's Motion for Emergency Preliminary Injunction (Doc. 14) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:** April 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**