IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES McROY, #M12956, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-02163-NJR ) |
| J. LASHBROOK, K. JAIMET, S. THOMSON, D. FLATT, C. HALE, DANA NEWTON, AMBER LOOS, JOHN/JANE DOE, *Grievance Officers* ANN LAHR, PATTY THULL, JOHN/JANE DOE, *Mailroom Supervisors* M. JOHNSON, JOHN/JANE DOE, *1-20* UNITED STATES POSTAL SERVICE, and JOHN R. BALDWIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James McRoy, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts violations under the First and Fourteenth Amendments related to access to the prison law library, access to courts, handling of his mail, and handling of his grievances. (Doc. 1). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief. (Doc. 1, p. 51).

This case is now before the Court for preliminary review of the Complaint pursuant to

1

28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff alleges that from December 2016 through December 2018, Defendants failed to provide him with adequate access to the law library and his excess legal storage boxes. (Doc. 1, pp. 13-43). Specifically, he complains that following transfer to Pinckneyville: (1) he received less access than he believes he needs; (2) he received less access than he received at Stateville Correctional Center; and (3) he has been denied access when he does not have a pending deadline but has three active cases. (Doc. 1, pp. 13-43).

Plaintiff alleges that individuals have wrongfully denied his grievances, mishandled his grievances, and/or failed to follow administrative procedures regarding how to handle grievances. *Id.* He details dates of submission of grievances, inquiries about the status of grievances, responses to grievances, and denials of grievances. *Id.*

Plaintiff alleges that he has had "legal mail problems" including mishandling of his mail, failure to deliver mail he sent to a court, and certified mail returned to him because of insufficient funds. (Doc. 1, pp. 13, 20-22, 28-29). He complained to the Post Master General and filed a grievance about the undelivered mail. (Doc. 1, p. 23). He mailed a pleading to the Illinois Supreme Court that was returned to him because the pages of the documents were in disarray. (Doc. 1,

p. 28). The returned documents came in two packages but there was a delay in the return of one of the packages and pages were missing. (Doc. 1, pp. 28-29). Plaintiff complained to the mailroom supervisor and filed a grievance. (Doc. 1, pp. 28-29). He also complained that a heavy-duty stapler was not available in the law library to secure documents. (Doc. 1, p. 30). Some of his legal mail to and/or from a court was opened in the mailroom. (Doc. 1, p. 38). He describes one specific incident regarding his mail involving Lieutenant M. Johnson. (Doc. 1, pp. 40-41). Johnson refused to send out Plaintiff's "legal mail" until it could be inspected for contraband. (Doc. 1, pp. 40-41). He filed a grievance "for being forced to open his legal mail." (Doc. 1, pp. 40-41).

Plaintiff alleges that Defendants are responsible for, or personally participated in, creating and implementing the "unconstitutional access to courts, legal mail handling and grievance procedures, policies, practices and customs, and for training and supervising the mail staff and others who carry out these policies and whose conduct has injured and continues to injure Plaintiff." (Doc. 1, pp. 44-45). He also alleges Baldwin adopted or approved Defendants' policies or practices. (Doc. 1, p 44).

Plaintiff alleges that he "feels he's been retaliated against by being moved several times in the last few months and forced to open sealed legal mail." (Doc. 1, p. 44).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> Count 1: First and/or Fourteenth Amendment claim against all defendants for denying Plaintiff access to the courts by interfering with and/or mishandling Plaintiff's mail to and from the courts.
>
> Count 2: First and/or Fourteenth Amendment claim against all defendants for denying Plaintiff access to the courts by failing to provide plaintiff with adequate access to the law library and his excess legal storage boxes.
>
> Count 3: First and/or Fourteenth Amendment claim against all defendants for

> mishandling or denying grievances and/or for not following administrative procedures.

> Count 4: First and/or Fourteenth Amendment claim against Johnson for refusing to mail plaintiff's outgoing legal mail until it could be inspected for contraband.

> Count 5: First Amendment retaliation claim against all defendants for moving Plaintiff several times and forcing him to open sealed legal mail.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

## Preliminary Dismissals

Plaintiff has attempted to state claims against unknown parties or groups of parties by naming John/Jane Does 1 through 20 as defendants and alleging that actions by "defendants" violated his rights. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. He does not describe the unknown defendants or identify particular acts or omissions by any specific individuals who allegedly violated his constitutional rights. Thus, John/Jane Does 1 through 20 are dismissed without prejudice.

Plaintiff also attempts to allege claims against unidentified employees 1 through 10 of the United States Postal Service. Again, he does not describe the unknown defendants or identify particular acts or omissions by any specific individuals who allegedly violated his constitutional

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

rights. Unidentified employees 1 through 10 of the United States Postal Service are dismissed without prejudice.

## Discussion

For the most part, Plaintiff's Complaint lacks specificity as to acts or omissions by particular individuals who allegedly violated his constitutional rights. Instead, allegations are directed at prison departments, unspecified individuals, or generic groups of individuals (the law library, the mailroom, the counselor, defendants). "[T]o be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of respondeat superior is not applicable to Section 1983 actions. *Sanville*, 266 F.3d at 740.

The Court has attempted to identify Plaintiff's claims with as much clarity as possible given the disjointed, repetitive, and confusing manner in which he presented his lengthy pleading. The Complaint violates the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and 8(d)(1). The pleading is the opposite of "a short and plain statement of the claim," and is anything but "simple, concise, and direct." FED. R. CIV. P. 8(a)(2) and (d)(1). Although Plaintiff provides

details on dates particular events occurred (submission of grievances, receipt of memoranda denying access to the law library, responses on grievances, inquiries about the status of his grievances, issues with his mail), for the most part he does not identify individuals with those events. Plaintiff frequently cites exhibits but the Court will not scour the 262 pages of exhibits he filed in an attempt to determine whether there are documents to implicate particular defendants based on facts that Plaintiff did not state in his 52-page, 164 paragraph Complaint. The Court "need not try to fish a gold coin from a bucket of mud" in order to decipher whether any of Plaintiff's exhibits shed light on the general allegations in the Complaint. *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

For these reasons, and as further set forth below, Counts 1, 2, and 5 will be dismissed. While Count 3 suffers from these deficiencies to some extent, it is dismissed for other reasons as explained below. Count 4, although directed at a specific individual, fails to state a claim, and also will be dismissed.

**Count 1**

Plaintiff alleges Defendants impeded and interfered with his access to the courts by interfering with and/or mishandling his correspondence to and from the courts.[2] Interference with a prisoner's legal mail by prison officials can implicate the First Amendment right of access to the courts. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). Plaintiff alleges the following mail issues: mail that was not delivered (Doc. 1, pp. 20-21); he was unable to send legal

---

[2] Plaintiff refers to his correspondence to and from the courts as "legal mail." Such correspondence is considered a public document, however, and, unlike correspondence with an attorney, it does not constitute legal mail or implicate an inmate's right to confidential lawyer-client communication. *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996) ("prison officials can open official mail sent by a court clerk to an inmate without infringing on any privacy right"); *Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir. 1987) ("with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files").

mail certified because he could not pay and his indigency was disregarded (Doc. 1, pp. 20-23); missing legal mail (Doc. 1, pp. 23, 24); mail returned by the Illinois Supreme Court because the documents were in a disarray (Doc. 1, p. 28); he received packages from the Illinois Supreme Court at different times even though mailed by the court at the same time (Doc. 1, pp. 28-29); documents missing from the packages from the Illinois Supreme Court (Doc. 1, p. 29); issues with how bulk incoming and outgoing legal mail is handled (Doc. 1, p. 30); and receipt of opened legal mail (Doc. 1, p. 38). Unfortunately, however, these mail issues are not associated with any specific defendant. Instead, Plaintiff refers to actions by the mailroom and his complaints to the mailroom supervisor and the Postmaster General. These allegations fail to state a claim against any defendant.

Additionally, Plaintiff's references to Defendants' policies or practices of legal mail handling that allegedly violated his rights does not state a claim against any defendant. Again, this allegation is not associated with particular acts or omissions by any specific individuals. Instead, it is a general and vague allegation against a group of individuals. Further, to the extent Plaintiff is attempting to make a *Monell*[3] claim, he has not identified any specific policies or widespread practices or customs that resulted in a constitutional deprivation[4] and, therefore, he fails to state a claim. For this same reason, Plaintiff's allegation that Baldwin adopted or approved Defendants' policies or practices fails to state a *Monell* claim against Baldwin. Also, any claim against Baldwin based solely on his position as an administrator fails as the doctrine of *respondeat superior* does

---

[3] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[4] For a *Monell* claim, a plaintiff must show that (1) he suffered a constitutional deprivation, (2) as a result of an express policy, a widespread practice that is so permanent and well-settled that it constitutes a custom or practice, or a deliberate act of a decision-maker with final policy-making authority, that was (3) the cause of his constitutional injury. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017); *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007).

not apply to Section 1983 actions. *Sanville*, 266 F.3d at 740.

For these reasons, Count 1 will be dismissed without prejudice.

**Count 2**

Plaintiff alleges Defendants impeded and interfered with his access to the courts by failing to provide him with adequate access to the law library and his excess legal storage boxes. Specifically, he contends he has received less access to the law library and his excess legal storage boxes than he believes he needs, he has received less access than he received at Stateville Correctional Center, and he has been denied access when he does not have a pending deadline, even though he has three active cases. (Doc. 1, pp. 13-43).

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). A prison system is not required, however, to provide unlimited access to a law library, even for *pro se* litigants. *Martin v. Davies*, 917 F.2d 226, 240 (7th Cir. 1990). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

This claim is also not associated with any specific defendant. Instead, Plaintiff refers to actions by the law library, which is insufficient to state a claim against any defendant. Plaintiff mentions law librarians Newton and Loos one time with regard to his placement on the law library priority scheduling list in December 2016. Thereafter, he alleges he received memoranda from the law library denying requests for placement on the priority scheduling list on numerous occasions.

Additionally, Plaintiff's references to Defendants' policies or practices of inadequate

8

access to the law library and materials that allegedly violated his rights does not state a claim against any defendant. Again, this allegation is not associated with particular acts or omissions by any specific individuals. Instead it is a general and vague allegation against a group of individuals. Further, Plaintiff has not identified any specific policies or widespread practices or customs associated that resulted in a constitutional deprivation and, therefore, he fails to state a *Monell* claim. For this same reason, Plaintiff's allegation that Baldwin adopted or approved Defendants' policies or practices fails to state a *Monell* claim against Baldwin. Also, any claim against Baldwin based solely on his position as an administrator fails, as the doctrine of *respondeat superior* does not apply to section 1983 actions. *Sanville*, 266 F.3d at 740.

For these reasons, Count 2 will be dismissed without prejudice.

**Count 3**

Plaintiff alleges his grievance were mishandled, improperly denied, and administrative procedures were not followed. He provides great detail on the dates grievances were submitted, pending without response, denied, and appealed to the Administrative Review Board. For some of the grievances, he identifies who the grievance was submitted to and the signatures on the denial of the grievance. But mishandling and denying grievances does not make these individuals personally involved in the constitutional violation alleged in the grievance. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

9

Further, issues with grievance procedures do not constitute violations of the First or Fourteenth Amendments. Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the due process clause. *Owens*, 635 F.3d at 953–54; *George,* 507 F.3d at 609; *Grieveson v. Anderson,* 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli,* 81 F.3d at 1430. "[A]ny right to a grievance procedure is a procedural right, not a substantive one." *Antonelli*, 81 F.3d at 1430. "Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. Further, a federal court does not enforce state law administrative procedures. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Thus, the alleged failure to follow administrative procedures is not actionable under Section 1983.

For these reasons, Count 3 will be dismissed without prejudice.

**Count 4**

Plaintiff describes one specific incident regarding mail involving Lieutenant M. Johnson. (Doc. 1, pp. 40-41). He alleges Johnson refused to send out his "legal mail" until it could be inspected for contraband. (Doc. 1, pp. 40-41). He filed multiple grievances regarding the incident. (Doc. 1, pp. 40-41). Unfortunately, however, Plaintiff fails to provide sufficient information for this claim. For instance, he does not specify whether the referenced "legal mail" was correspondence to an attorney or to the courts. He does not specify whether the mail was to be opened in his presence. Without this information, the Court is unable to evaluate this claim. Further, isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *See Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987), aff'd, 854 F.2d 162 (7th Cir. 1988). Count 4 will be dismissed without prejudice.

**Count 5 – Retaliation**

In order to state a claim for retaliation under the First Amendment, a plaintiff must demonstrate that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Plaintiff alleges that he "feels he's been retaliated against by being moved several times in the last few months and forced to open sealed legal mail." (Doc. 1, p. 44). As part of his request for injunctive relief, he seeks an order "prohibiting Defendants from retaliating." (Doc. 1, p. 45). Plaintiff makes no other mention of retaliation. These allegations fail to state a claim for retaliation against any defendant. Count 5 will, therefore, be dismissed without prejudice.

**Motion for Recruitment of Counsel**

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** at this time, without prejudice to refiling it again at some point in the future. There is no constitutional or statutory right to counsel in federal civil cases, but the district court has discretion under Section 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When deciding whether to do so, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

Plaintiff discloses three unsuccessful efforts to contact attorneys via written

correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has no legal education, his access to the law library is limited, and his claims are complex. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to relay information to the Court. He appears competent to litigate this matter without representation at this time. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Plaintiff may renew his request for the recruitment of counsel at a later date.

## Amended Complaint

If Plaintiff wishes to pursue his claims, he must file an amended complaint. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The amended complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation but must identify the act(s) or omission(s) of each Doe defendant (e.g. John Doe #1 did X and John Doe #2 did Y). Further, Plaintiff should describe the event that constituted the alleged violation of his rights, not identify the grievance he filed about the event.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1, 2, 3, 4, and 5 are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants J. Lashbrook, K. Jaimet, S. Thomson, D.

Flatt, C. Hale, Dana Newton, Amber Loos, John/Jane Doe Mailroom Supervisors, Ann Lahr, Patty Thull, John/Jane Doe Grievance Officers, M. Johnson, John/Jane Doe 1-20, United States Postal Service Consumer and Industry Contact Office, and John R. Baldwin are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 24, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "First Amended Complaint," and state the case number, 18-cv-2163-NJR. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is subject to review under Section 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 23, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**