IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES McROY, #M12956, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 18-cv-02163-NJR |
| JOHN R. BALDWIN, GLADYSE C. TAYLOR, KAREN JAIMET, SCOTT THOMPSON, DANA NEWTON, AMBER LOOS, CHERYL BOLLING, B. JOHNSON, LT. M. JOHNSON, JOHN/JANE DOES 1-10, *Mailroom Personnel*, JOHN/JANE DOES 11-20, *IDOC Mail Delivers,* JOHN/JANE DOES 21-30, *U.S. Postal Service Mail Handlers,* and JOHN/JANE DOES 31-35, *Placement at PNKCC,* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James McRoy, an inmate of the Illinois Department of Corrections who is currently incarcerated at Illinois River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts violations under the First and Fourteenth Amendments related to access to the prison law library, access to courts, handling of his mail, and retaliation. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

Following review of the Complaint, the Court designated the following claims:

Count 1: First and/or Fourteenth Amendment claim against all defendants for denying Plaintiff access to the courts by interfering with and/or

1

| | |
|---|---|
| | mishandling Plaintiff's mail to and from the courts. |
| Count 2: | First and/or Fourteenth Amendment claim against all defendants for denying Plaintiff access to the courts by failing to provide plaintiff with adequate access to the law library and his excess legal storage boxes. |
| Count 3: | First and/or Fourteenth Amendment claim against all defendants for mishandling or denying grievances and/or for not following administrative procedures. |
| Count 4: | First and/or Fourteenth Amendment claim against Johnson for refusing to mail plaintiff's outgoing legal mail until it could be inspected for contraband. |
| Count 5: | First Amendment retaliation claim against all defendants for moving Plaintiff several times and forcing him to open sealed legal mail. |

The Complaint was dismissed, however, for failure to state a claim. Plaintiff was granted leave to file a First Amended Complaint, which he has done. This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The First Amended Complaint**

Plaintiff makes the following allegations in the First Amended Complaint: Defendants Newton, Loos, Bolling, and Taylor failed to provide Plaintiff with adequate access to the law library and his excess legal storage boxes. Following his transfer to Pinckneyville Correctional Center ("Pinckneyville"): (1) he received less access than he needs for his pending cases; (2) he received less access than he received at Stateville Correctional Center; and (3) he has been denied access when he does not have a pending deadline but has numerous active cases. Law librarian Bolling wrote him a disciplinary ticket for insolence in retaliation for him filing grievances regarding law library access.

---

[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

2

Defendants Baldwin, Jaimet, and Thompson are responsible for, adopted, or personally participated in creating and implementing, procedures, policies, practices, and customs that resulted in denial of access to the law library, legal materials, and the courts.

John/Jane Does 1-10 (Pinckneyville mailroom personnel), John/Jane Does 11-20 (IDOC mail handlers), and John/Jane Does 21-30 (U.S. Postal Service mail handlers) have mishandled, interfered with, and failed to deliver his legal mail. Additionally, he mailed a pleading to the Illinois Supreme Court that was returned to him because the pages of the documents were in disarray. The returned documents came in two packages and there was a delay in the return of one of the packages and pages were missing. Some of his legal mail was opened in the mailroom. On one occasion, Jaimet refused to allow him to send certified legal mail because he could not pay for the postage in disregard of his indigency. On another occasion, Lieutenant M. Johnson, in retaliation for Plaintiff filing grievances, refused to send out his legal mail until it could be inspected for contraband. Defendants Baldwin, Jaimet, and Thompson are responsible for, adopted, or personally participated in creating and implementing, procedures, policies, practices, and customs that resulted in interference with and mishandling of incoming and outgoing legal mail.

John/Jane Does 31-35 retaliated against Plaintiff for filing grievances by moving him several times.

Based on the allegations in the First Amended Complaint, the Court modifies the previously enumerated claims as follows:[2]

Count 1: First and/or Fourteenth Amendment claim against Baldwin, Jaimet, Thompson, Newton, Loos, and John/Jane Does 1-30 for denying Plaintiff access to the courts by interfering with and/or mishandling Plaintiff's mail to and from the courts.

Count 2: First and/or Fourteenth Amendment claim against Baldwin, Jaimet, Newton, Loos, Bolling, and Taylor for denying Plaintiff access to the courts by failing to provide plaintiff with adequate access to the law library and his excess legal storage boxes.

---

[2] Plaintiff is no longer pursuing Count 3.

> Count 4: First and/or Fourteenth Amendment claim against Lieutenant M. Johnson for refusing to mail plaintiff's outgoing legal mail until it could be inspected for contraband.
>
> Count 5: First Amendment retaliation claim against Lieutenant M. Johnson, Bolling, and John/Jane Does 31-35 for moving Plaintiff several times, forcing him to open sealed legal mail, and writing him a disciplinary ticket for filing grievances regarding law library access.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

**Preliminary Dismissals**

Plaintiff names B. Johnson as a Defendant but makes no allegations against this individual in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, B. Johnson is dismissed without prejudice.

Plaintiff makes allegations against Scott Johnson, but this individual is not identified as a defendant in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any claim against Scott Johnson is considered dismissed without prejudice. *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

**Discussion**

*Count 1*

Plaintiff's allegations are sufficient for the claim in Count 1 to proceed against Baldwin, Jaimet,

---

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Thompson, John/Jane Does 1-10, and John/Jane Does 11-20.

As to John/Jane Does 21-30, United States Postal Service mail handlers, Plaintiff cannot proceed on a claim against federal employees under 42 U.S.C. § 1983 for the deprivation of his constitutional rights because that statute applies only to persons acting under color of state law. *Buchanan-Moore v. City of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). While Section 1983 provides a damages remedy for plaintiffs who assert constitutional violations by state officials, no statute provides such a remedy against federal officials. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has, however, recognized an implied cause of action for three types of constitutional violations by federal officials: (1) unlawful search and seizure in violation of the Fourth Amendment, *see Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971); gender discrimination in violation of the Fifth Amendment's due process clause, *Davis v. Passman*, 442 U.S. 228, 248−49 (1979); and (3) failure to provide adequate medical treatment to a prisoner in violation of the Eighth Amendment's cruel and unusual punishments clause, *Carlson v. Green*, 446 U.S. 14, 19 (1980). The Supreme Court has grown increasingly hesitant to expand the number of implied actions under *Bivens*, and such expansion is now "disfavored." *Abbasi*, 137 S.Ct. at 1857. The Court will allow a *Bivens* claim to proceed to determine what, if any relief, Plaintiff may obtain from federal officers for alleged violations of the First Amendment post-*Abbasi*. *See Smadi v. True*, 783 F.App'x 633 (7th Cir. 2019).

In Plaintiff's restatement of Count 1, he included Newton and Loos, who are law librarians. There are not, however, any allegations against them regarding interference or mishandling of his mail. As such, they are dismissed from Count 1.

*Count 2*

Plaintiff's allegations are sufficient for the claim in Count 2 to proceed against Baldwin, Jaimet, Newton, Loos, Bolling, and Taylor.

*Count 4*

Plaintiff's allegations are sufficient for the claim in Count 4 to proceed against M. Johnson.

*Count 5*

Plaintiff's allegations are sufficient for Count 5 to proceed against John/Jane Does 31-35, M. Johnson, and Bolling.

### **Official Capacity Claims**

Plaintiff alleges claims against each defendant in his or her individual and official capacities. Plaintiff cannot proceed with claims for monetary damages against Defendants in their official capacities. This is because a suit for money damages against a defendant in his or her official capacity is really a suit for money damages against the state and is barred by the Eleventh Amendment. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Section 1983 creates a federal remedy against any "person" who, under color of state law, deprives "any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws." *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dep't. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent he seeks injunctive relief, his claim is moot because he is no longer incarcerated at Pinckneyville where the events giving rise to this action occurred. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Accordingly, the official capacity claims against Defendants are dismissed.

### **Identification of Unknown Defendants**

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the unknown defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.

2009). The Warden of Pinckneyville Correctional Center, in his or her official capacity only, will be added as a defendant for purposes of responding to discovery aimed at identifying the unknown defendants. Guidelines for discovery will be set by the undersigned judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

**Motion to Supplement**

Plaintiff seeks leave to supplement his amended complaint regarding events that occurred after this case was filed. The request to supplement is denied. First, the Court does not accept piecemeal amendments. Second, the supplement includes allegations against an individual who is not a defendant. Finally, the supplement pertains to events that occurred after this case was filed. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under Section 1983. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). The Motion for Leave to Supplement (Doc. 25) is, therefore, denied.

**Motion for Recruitment of Counsel**

Plaintiff filed a Second Motion for Recruitment of Counsel (Doc. 22), which is denied. There is no constitutional or statutory right to counsel in federal civil cases, but the district court has discretion under Section 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When deciding whether to do so, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The Court has previously found that Plaintiff has made reasonable efforts to retain counsel on his own. He contends he is not able to represent himself against Defendants who are Correctional Officers and could impede and interfere with the process. The Court notes, however, that Plaintiff is

longer incarcerated at Pinckneyville. He also alleges he is not able to represent himself because he has no knowledge of the law, he is indigent, and his claims are complex. Plaintiff's pleadings demonstrate an ability to relay information to the Court. He appears competent to litigate this matter without representation at this time. Moreover, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Baldwin, Jaimet, Thompson, and John/Jane Does 1-30 in their individual capacities and will be dismissed as to Newton and Loos. Count 2 will proceed against Baldwin, Jaimet, Newton, Loos, Bolling, and Taylor in their individual capacities. Count 4 will proceed against M. Johnson in his individual capacity. Count 5 will proceed against John/Jane Does 31-35, M. Johnson, and Bolling in their individual capacities. B. Johnson is dismissed without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party. Additionally, the Clerk of Court is **DIRECTED** to **ADD** the Warden of Pinckneyville Correctional Center, in his or her official capacity only, to the docket for purposes of responding to discovery aimed at identifying the Doe Defendants.

The Clerk of Court shall prepare for Defendants Baldwin, Jaimet, Thompson, Newton, Loos, Bolling, Taylor, M. Johnson, (*once identified*) John/Jane Does 1-35, and Warden of Pinckneyville Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and

the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). As the Warden of Pinckneyville Correctional Center is in the case solely for discovery purposes, he need not respond to the Complaint. The Warden only needs to enter his appearance. He will receive further instruction on discovery at a later date. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ORDERED** that the Motion for Recruitment of Counsel (Doc. 22) is **DENIED** without prejudice and the Motion for Leave to Supplement (Doc. 25) is **DENIED**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission

of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 20, 2019**

                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**